IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LARRY E. PATTERSON,

    Petitioner,

v.                                       Civil Action No. 3:19CV263

HAROLD W. CLARKE, et al.,

    Respondents.

**MEMORANDUM OPINION**

Larry E. Patterson, a Virginia inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). In his § 2254 Petition, Patterson challenges two 2017 institutional convictions that resulted in the loss of good time credits. (Id. at 1.) Respondents move to dismiss, inter alia, on the ground that Patterson procedurally defaulted his claims. Patterson has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 15) will be granted.[1]

**I.    PROCEDURAL HISTORY**

On June 19, 2017, following a disciplinary hearing, Patterson was found guilty of the institutional offense of intentionally tampering with surveillance equipment. (§ 2254 Pet. 26.) On June

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

28, 2017, following a disciplinary hearing, Patterson was found guilty of the institutional offense of soliciting staff misconduct. (Id. at 28.) Patterson contends his convictions of these institutional offenses resulted in the loss of good time credits. (Id. at 1.) Patterson pursued administrative appeals of these convictions to the Regional Administrator of the Virginia Department of Corrections. (Id. at 3.) On December 9, 2017 and December 15, 2017, the Regional Administrator upheld Patterson's convictions. (Id.)

On October 11, 2018, Patterson filed a petition for a writ of habeas corpus with the Supreme Court of Virginia challenging the above-described institutional convictions. (ECF No. 19, at 16.) On March 4, 2019, the Supreme Court of Virginia dismissed Patterson's petition because it "was not filed within one year after the cause of action accrued." (Id. at 49 (citing Va. Code § 8.01-654(A)(2)). Patterson moved the Supreme Court to reconsider, arguing that his petition for a writ of habeas corpus was timely because it was filed within a year of the conclusion of his administrative appeals. (Id. at 50-52.) On March 21, 2019, the Supreme Court of Virginia denied Patterson's request for a rehearing. (Id. at 57.)

On April 2, 2019, Patterson placed his § 2254 Petition in the prison mail system for transmission to this Court. (§ 2254 Pet. 15.) The Court deems the § 2254 Petition filed as of that date.

2

See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2254 Petition, Patterson contends that he is entitled to relief on the following grounds:

Claim 1    PETITIONER['s] CONSTITUTIONAL RIGHTS WERE VIOLATED BY A 2017 PRISON ADMINISTRATIVE DISCIPLINARY PROCESS(ES) THAT RESULTED IN A LOSS OF EARNED/PROJECTED GOOD-TIME CREDITS, VIOLATIONS OF PETITIONER'S RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, VIOLATIONS OF THE CODE OF VIRGINIA ((§§ 53.1-25, 53.1-32.1, 53.1-189, 53.1-199 AND 53.1- 200), AND VIOLATIONS THAT MANDATE SUBSTANTIVE PROCESS DUE AS APPROVED BY RESPONDENTS' (VIRGINIA DEPARTMENT OF CORRECTIONS OPERATING PROCEDURES #830.1, #861.1 & #861.3) CAUSE THIS CHALLENGE TO BE SET FORTH.

(§ 2254 Pet. 31-32.)

Claim 2    PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY A 2017 PRISON ADMINISTRATIVE DISCIPLINARY PROCESS(ES) WHICH CAUSED A LOSS OF GOOD-TIME, THAT FAILED TO AFFORD PETITIONER HIS ENTITLED FULL AND FAIR HEARINGS BY A DISINTERESTED AND UNBIASED TRIBUNAL, FOR THIS 120B CONVICTION, VIOLATING THE FIFTH & FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, VIOLATING LAWS OF THE CODE OF VIRGINIA((§§ 53.1-25, 53.1-32.1, 53.1-189, 53.1-199 AND 53.1-200), AND VIOLATING MANDATED PROCESSES DUE AS APPROVED BY RESPONDENTS' (VIRGINIA DEPARTMENT OF CORRECTIONS OPERATING PROCEDURES #830.1, #861.1 & #861.3).

(Id. at 35.)

Claim 3    PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY A 2017 PRISON ADMINISTRATIVE DISCIPLINARY PROCESS(ES) WHICH FAILED TO AFFORD PETITIONER THE PROCESS DUE TO HIM, WHEN THE PRISON ADMINISTRATION VIOLATED THEIR OWN POLICIES/PROCEDURES WHICH HAS RESULTED IN AN

3

>     ILLEGAL PROTRACTION OF PETITIONER'S DURATION
>     IN STATE PRISON.

(<u>Id.</u> at 38.) Patterson contends that he presented all of the above claims to the Supreme Court of Virginia. (<u>Id.</u> at 6.)

## II. ANALYSIS

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "'is rooted in considerations of federal-state comity,'" and in the Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" <u>Slavek v. Hinkle</u>, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects.

First, a petitioner must use all available state remedies before he can apply for federal habeas relief. See <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-48 (1999). On that point (use of all available state remedies), the statute notes that a habeas

4

petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his [or her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that, "[i]f a state court clearly and expressly bases its dismissal of

5

a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his [or her] federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his [or her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1).[2] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

Here, the Supreme Court of Virginia found that Patterson claims were time-barred pursuant to Section 8.01-654(A)(2).[3] This

---

[2] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

[3] This statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed

6

statute provides, in pertinent part that, "[a] petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, <u>shall be brought within one year after the cause of action accrues</u>." Va. Code Ann. § 8.01-654 (West 2020) (emphasis added). Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule when applied to challenges to prison disciplinary hearings. <u>Springer v. Kiser</u>, No. 7:17CV00304, 2017 WL 3782791, at *2 (W.D. Va. Aug. 31, 2017); <u>Adams v. Fleming</u>, No. 7:16CV00445, 2017 WL 2992508, at *3 (W.D. Va. July 12, 2017). Therefore, Patterson has procedurally defaulted his present claims.

Patterson contends that claims are not barred from review here because he can demonstrate cause and prejudice and that he is actually innocent of the institutional offenses. As explained below, Patterson's contentions lack merit. "[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or petitioner's] efforts to comply with the State's procedural rule." <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n.24 (1999) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).

---

        within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2)(West 2020).

Patterson vaguely suggests that it was impossible for him to exhaust his administrative appeals and then timely file a state habeas petition with the state court. This is simply not so. After the conclusion of his administrative appeals in December of 2017, Patterson had over six months in which he could have timely filed a state habeas petition challenging his institutional convictions. Accordingly, Patterson fails to demonstrate cause to excuse his default.

Next, Patterson contends that he is actually innocent of his institutional convictions. "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). Here, the Court reviews Patterson arguments under the more lenient standard for gateway actual innocence claims, because subscribing to Patterson actual innocence claims would permit the Court to consider the merits of his otherwise defaulted claims.

A gateway claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Id. If a petitioner meets the burden of producing

8

new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327-28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010) (quoting Schlup, 513 U.S. at 327-28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." Hill v. Johnson, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997); Feaster v. Beshears, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Moreover, "actual innocence" means factual innocence and not just legal insufficiency." See Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citations omitted) (internal quotation marks omitted) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.")

Here, the only evidence of innocence that Patterson submitted was his sworn profession that he is innocent. (ECF No. 1-1.) Patterson's post-conviction profession of innocence is "not

9

'trustworthy' and does not constitute 'reliable' evidence of innocence sufficient to support a claim of actual innocence." Carter v. Virginia, No. 3:09CV121-HEH, 2010 WL 331758, at *6 (E.D. Va. Jan. 26, 2010) (quoting Schulp, 513 U.S. at 324). "To accept such commonplace declarations would ignore the Supreme Court's admonition that the quality of evidence necessary to support a claim of actual innocence 'is obviously unavailable in the vast majority of cases.'" Id. (quoting Schlup, 513 U.S. at 324). Accordingly, the Court rejects Patterson's assertion of actual innocence.

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 15) will be granted. The § 2254 Petition will be denied and the action will be dismissed. Patterson's Motion for an Evidentiary Hearing (ECF No. 26) will be denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Patterson is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Patterson and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 11, 2020